Van Brunt, P. J.
Although the practice pursued in the entry of the judgment in the case at bar seems to have been irregular, as no objection has been taken upon that ground upon this appeal, such irregularity will not be considered except so far as to state that the action being for equitable relief, the final judgment should have been a decree of the court, settled by the court, and entered upon its direction, the referee who tried the cause not having reported the form of a decree to be entered. Section 1228 of the Code in no way conflicts with this practice.
The action was commenced to procure a dissolution of an alleged copartnership and an accounting as to the copartnership business, the referee having concluded as matter of law that no partnership had been proved, dismissed the plaintiff’s complaint.
The conclusion of law of the referee that no partnership existed between the parties to this action, is clearly at variance with and contrary to his findings of fact.
It is found as matter of fact, “ that prior to January, 1883, the plaintiff and defendant made an agreement that they should enter into business together, each one contributing capital, and that when defendant should have been repaid out of the profits of the business, the sum which he should contribute in excess of the amount of capital contributed by the plaintiff, the net profits thereafter remaining should be equally divided between plaintiff and defendant, and that each party should bear half the losses and expenses, and thereupon they began to do business.”
It is then found “ that the plaintiff contributed as capital the sum of $148, and the defendant contributed $1,000.
Thus it appears that the plaintiff and defendant agree.d to become partners, each agreed to contribute capital, which they did, and thereupon they began to do business.
There is no element wanting to establish a complete relation of partnership.
It might be true that under the agreement the plaintiff might not have been immediately entitled to receive any part of the profits because of the inequality of contribution in capital, but he was chargeable with the losses and had all the rights and obligations of a partner. The referee finds that after this agreement between the parties to become partners, they began to do business, and that each contributed capital to this business.
If thejr began to do business, it is evident that they did such business as such partners and not otherwise.
The claim that the plaintiff was not to become a partner until the defendant's excess capital was repaid out of the *731 profits, can find no support from this finding, and is directly opposed both to its terms and spirit.
The judgment must be reversed and a new trial ordered, with costs to appellant to abide final event.
Brady and Daniels, JJ., concur.